IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN LLOYD BURR                                                    PLAINTIFF

vs.                                    Civil No. 6:16-cv-06015

CAROLYN COLVIN                                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

John Lloyd Burr ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  ECF  No. 7.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff's application for DIB and SSI was filed on March 11, 2013.  (Tr. 9, 186-195).

Plaintiff alleged he was disabled due to congestive heart failure, obstructive sleep apnea, morbid

obesity diabetes, high blood pressure, hyperventilation syndrome, cellulitis, wounds on right leg, and

hypertension.  (Tr. 211).  Plaintiff alleged an onset date of May 1, 2009.  (Tr. 9, 186, 190).  These

---

[1] The docket numbers for this case are referenced by the designation "ECF No.___"  The transcript pages for
this case are referenced by the designation "Tr."

1

applications were denied initially and again upon reconsideration. (Tr. 9). Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 139-140).

Plaintiff's administrative hearing was held on July 29, 2014. (Tr. 24-69). Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old and had a high school education with two years of college. (Tr. 30, 35).

On November 7, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 9-19). In this decision, the ALJ determined the Plaintiff met the insured status of the Act through December 31, 2009. (Tr. 11, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2009, his alleged onset date. (Tr. 11, Finding 2).

The ALJ determined Plaintiff had the severe impairments of bilateral degenerative joint disease of knee, diabetes mellitus, chronic obstructive pulmonary disease (COPD), obesity, hypoventilation syndrome, obstructive sleep apnea, hypertension, congestive heart failure, and morbid obesity. (Tr. 11, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-17). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for sedentary work with occasional, bending, stooping, and crouching in a controlled setting

with no extreme heat, cold, heavy chemicals, dust, or fumes.  (Tr. 13, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 17, Finding 6).  The ALJ found Plaintiff was unable to perform his PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 18, Finding 10).  The ALJ based this determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as a front desk receptionist with 14,000 such jobs in the region and 700,000 such jobs in the nation, and inventory clerk with 40,000 such jobs in the region and 200,000 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 1, 2009, through the date of the decision.  (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision.  (Tr. 5).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-4).  On February 10, 2016, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on February 19, 2016.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 11, 12.  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to properly evaluate his obesity claim, (B) failed to properly evaluate Plaintiff's mental impairments, (C) in the RFC determination, and (D) in his credibility analysis.  ECF No. 11, Pgs. 3-15.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 12.

### A. Obesity

Social Security Ruling ("SSR") 02-1p provides guidance for evaluating obesity.  It states obesity can cause a limitation of function.  The functions likely to be limited depend on many factors, including where the excess weight is carried.  *Id.*  However, an individual may have limitations in any of the exertional functions such as siting, standing, walking, lifting, carrying, pushing, and pulling.  *Id.*  Obesity may also affect the ability to do postural functions, such as climbing, balancing, stooping, and crouching.  *Id.*  SSR 02-1p further explains that the combined effects of obesity with other impairments may be greater than might be expected without obesity providing "[f]or example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone."

In the present case, the ALJ acknowledged Plaintiff suffered from morbid obesity, with a

mass body index of that ranged from 54.25 to 65.10.  (Tr. 13).  He also discussed the evidence of record, considering his impairments in combination, rather than singularly.  (Tr. 12).  It is clear the ALJ properly considered Plaintiff's obesity when concluding he could perform only sedentary with occasional, bending, stooping, and crouching in a controlled setting with no extreme heat, cold, heavy chemicals, dust, or fumes.  There were no additional limitations that were imposed by the combination of his obesity and other impairments.

### B. Mental Impairments

Plaintiff argues the ALJ ignored his mental impairments and should have further developed the record regarding the alleged mental disorder of anxiety and depression by ordering a mental evaluation.  However, the ALJ was not required to develop the record regarding the alleged mental impairments.

To begin with, the reports Plaintiff filed with his applications for benefits did not allege anxiety or depression as a basis for disability.  (Tr. 211).  Also, in function reports Plaintiff completed on March 22, 2013, he indicated he did not have any problems getting along with others, could pay attention all day, finished what he started, followed written and spoken instructions, got along well with authority figures, had never been fired or laid off from a job because of problems getting along with other people, handled stress "well," handled changes in routine "good," and did not notice any unusual behavior or fears.  (Tr. 246-248).  Furthermore, Plaintiff did not allege at the hearing before the ALJ that he had disabling mental impairments or testify that any mental impairments caused any work-related limitations.  (Tr. 47-62).

Although the ALJ is required to fairly and fully develop the record, an ALJ is not obligated to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.  *See Halverson v. Astrue*, 600 F.3d 922, 934 (8th Cir. 2010).

## C. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC sedentary work with occasional, bending, stooping, and crouching in a controlled setting with no extreme heat, cold, heavy chemicals, dust, or fumes. (Tr. 13, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 11, Pgs. 10-13. However, substantial evidence supports the ALJ's RFC determination.

 The ALJ's decision indicates he considered the medical record regarding Plaintiff's alleged impairments and provided reasons why the alleged impairments would not result in disabling limitations. (Tr. 13-17). In his decision, the ALJ accounted for Plaintiff's obesity, knee pain,

7

respiratory and cardiovascular conditions, diabetes, hypertension, and sleep apnea by restricting Plaintiff to sedentary work. *Id.*

As the ALJ pointed out, Plaintiff did not seek treatment for his conditions until nearly two and a half years following his alleged onset date. (Tr. 16). On October 7, 2012, Plaintiff was admitted for treatment of cellulitis and an abscess on his right leg and developed daytime somnolence and respiratory failure, but improved with treatment. (Tr. 314). Plaintiff stated he had weight gain in two years from 300 to his current weight of 472 pounds. (Tr. 304). Plaintiff was diagnosed as morbidly obese, and was assessed with severe OSA and alveolar hypoventilation syndrome. (Tr. 304-306). Plaintiff had a follow-up exam on October 23, 2012. (Tr. 346-356). Plaintiff's leg was doing better, had no fever, bilateral leg swelling had improved, and although he had been diagnosed with sleep apnea, he denied increased daytime sleepiness since starting the BIPAP and was set to start the CPAP. (Tr. 348). The cardiovascular examination was normal and pulmonary and chest exams were normal. (Tr. 351).

On May 2, 2013, x-rays of Plaintiff's right knee showed moderate to severe medial joint space narrowing and mild degenerative changes and his left knee showed moderate medial and lateral joint space narrowing. (Tr. 429). On July 26, 2013,was seen at Mercy Clinic. (Tr. 416-421). He was diagnosed with uncontrolled diabetes mellitus with complications, intentional weight loss, "super-super" obesity with a weight of 403 pounds, depressive disorder, degenerative joint disease of knee and bilateral pain. (Tr. 416). Plaintiff denied back, neck, or joint pain or swelling and denied chest pain or dyspnea on exertion, or any respiratory symptoms such as shortness of breath, cough, or wheezing. (Tr. 419).

On November 21, 2013, Plaintiff returned to the ER complaining of gradually worsening chest pain with fatigue, shortness of breath, and arthralgias. (Tr. 508). Plaintiff had normal range

8

of motion in neck, normal cardiovascular and pulmonary findings, no edema, and normal neurological findings with no skin issues. (Tr. 510, 511). On November 26, 2013, Plaintiff was seen by Dr. Donald Blagdon and noted to have very symptomatic arthritic knees. (Tr. 592). His examination revealed weight of 399, normal range of motion of neck, normal cardiovascular findings, no respiratory distress, and normal respiratory effort. *Id.*

Furthermore, the opinions of two stage agency physicians also supported the ALJ's RFC finding. (Tr. 17). Dr. Steven Strode and Dr. Judith Forte, each found the medical evidence of record supported the RFC for sedentary work. *Id.* Finally, Plaintiff's reported daily living activities supported the ALJ's RFC finding. (Tr. 17).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### D. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 11, Pgs. 13-15. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 12.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back,

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints. The Defendant argues the

---

standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 13-17).  Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living inconsistent with the record, (3) Effectiveness of medication for his symptoms, (4) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (5) Plaintiff stopped working because his job ended and not due to disability, and (6) Delay in seeking treatment after onset date.  *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **1st day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

11